# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1546

STEPHANIE A. MORRIS,

       Plaintiff - Appellant,

    v.

LINCOLN NATIONAL LIFE INSURANCE COMPANY,

       Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:16−cv−00929−AJT−JFA)

Argued: March 10, 2021                      Decided: March 30, 2021

Before KING, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed in part; reversed and remanded in part by unpublished per curiam opinion.

**ARGUED:** Benjamin W. Glass, III, BENJAMIN W. GLASS, III & ASSOCIATES, Fairfax, Virginia, for Appellant. Byrne J. Decker, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Portland, Maine, for Appellee. **ON BRIEF:** Scott K. Pomeroy, Alexander Tevis Marshal, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephanie A. Morris filed a complaint, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461, against Lincoln National Life Insurance Company (Lincoln), alleging that Lincoln wrongfully denied her claim for life insurance benefits after the death of Stephen Morris, her husband. The district court initially found that Lincoln abused its discretion and remanded the matter to Lincoln. Following the remand, Lincoln again denied benefits and the parties filed cross-motions for summary judgment. The district court granted summary judgment in favor of Lincoln, concluding that Lincoln did not abuse its discretion in denying Morris' claim for life insurance benefits on the ground that Mr. Morris was not covered under the insurance policies because he was not actively at work and he was totally disabled on January 1, 2015, the date the policies took effect. For the reasons that follow, we affirm the district court's judgment in part, reverse in part, and remand.

## I.

Stephen Morris purchased coverage under two Lincoln life insurance policies: a basic policy and a supplemental policy. He was diagnosed with acute myeloid leukemia in October 2014 and never returned to work from that time until his death in September 2015. It is uncontested that Mr. Morris was not actively at work on January 1, 2015, originally a requirement for coverage under the Lincoln policies. However, both policies were retroactively amended to include a Prior Insurance Credit (PIC) provision. Those provisions provided that someone like Mr. Morris, who was not actively at work when he transitioned from coverage under a different insurance provider to the Lincoln policies,

2

could still meet the coverage requirements without satisfying the active work rule, so long as he satisfied the terms of the PIC provisions on the date the policies took effect. As relevant here, if Mr. Morris was totally disabled on January 1, 2015, he would be ineligible for coverage under the PIC provisions.

## II.

We review de novo the district court's disposition of cross-motions for summary judgment. *Bostic v. Schaefer*, 760 F.3d 352, 370 (4th Cir. 2014). "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 354 (4th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

When, as here, an ERISA plan grants an administrator discretion to award a benefit, we review the administrator's decision for abuse of discretion. *See Fortier v. Principal Life Ins. Co.*, 666 F.3d 231, 235 (4th Cir. 2012). "Judicial review of an ERISA administrator's decision for abuse of discretion requires us primarily to determine whether the decision was reasonable, a determination that is informed by" the nonexhaustive list of factors we set forth in *Booth v. Wal-Mart Stores, Inc. Associates Health & Welfare Plan*, 201 F.3d 335, 342-43 (4th Cir. 2000). *See Griffin v. Hartford Life & Accident Ins. Co.*, 898 F.3d 371, 381 (4th Cir. 2018). Ultimately, though, "to be held reasonable, the administrator's decision must result from a deliberate, principled reasoning process and be

3

supported by substantial evidence." *Id.* (brackets and internal quotation marks omitted) (quoting *Williams v. Metro Life Ins. Co.*, 609 F.3d 622, 630 (4th Cir. 2010)). We will not disturb a plan administrator's "decision if it is reasonable, even if [we] would have reached a different conclusion." *Fortier*, 666 F.3d at 235 (quoting *Haley v. Paul Revere Life Ins. Co.*, 77 F.3d 84, 89 (4th Cir. 1996)). Importantly, an ERISA administrator abuses its discretion if the denial of benefits conflicts with the clear language of the plan. *Lockhart v. United Mine Workers of Am. 1974 Pension Tr.*, 5 F.3d 74, 78 (4th Cir. 1993).

### III.

### A.

After reviewing the record and the parties' arguments, we conclude that the district court did not reversibly err in granting summary judgment to Lincoln with respect to the basic policy, as Lincoln did not abuse its discretion in denying benefits on the ground that Mr. Morris was totally disabled on the date the policy took effect. Lincoln relied on a reasonable interpretation of the policy's terms and its purposes and goals, its decision was supported by substantial evidence, and Lincoln applied a reasonable and principled decisionmaking process in making its determinations. *See Booth*, 201 F.3d at 342-43; *Griffin*, 898 F.3d at 381. While Morris argues that Lincoln had an inherent conflict of interest in serving as both the insurer and ERISA plan administrator, such a conflict is not itself "sufficient to render [Lincoln's] entire decisionmaking process unreasonable." *Griffin*, 898 F.3d at 383. Therefore, we affirm this portion of the district court's judgment.

4

B.

Turning to the supplemental insurance policy, the district court's order relies on its conclusion that "totally disabled" is defined under the PIC provisions of both policies to mean that "an employee must not be able to engage in any employment or occupation for which they are qualified." However, the supplemental policy includes an additional definitional term that was not present in the basic policy. For an employee to be totally disabled under the PIC provision of the supplemental policy, the employee must be "unable, due to sickness or injury, to perform the material and substantial duties of any employment or occupation for which you are or become qualified by reason of education, training, or experience" and this status must have continued for a period of at least 180 days prior to the effective date of the new policy, January 1, 2015.

We hold that Morris was entitled to summary judgment on this claim because Lincoln abused its discretion by denying benefits in a manner inconsistent with the plain terms of the policy. It is undisputed that Mr. Morris' condition first prevented him from working at his place of employment in October 2014, when he began experiencing symptoms of leukemia, just over 60 days before the policy took effect on January 1, 2015. Because Mr. Morris was not unable to work for a period of at least 180 days before the policy took effect, he was not totally disabled under the PIC provision of the supplemental policy and was eligible for coverage under that policy.* Further, because this language is

_____

* Lincoln argues that Morris forfeited this claim by, alternatively, failing to raise it to Lincoln on remand from the district court or by raising it for the first time on appeal. We find no merit to either contention. First, an ERISA claimant is merely required to

5

not ambiguous, we do not defer to Lincoln's contrary interpretation of the policy language. *See Lockhart*, 5 F.3d at 78. Therefore, as a matter of law, Lincoln abused its discretion by denying benefits in a manner inconsistent with the unambiguous terms of the supplemental policy. We reverse the district court's grant of summary judgment on the supplemental policy claim and remand for entry of summary judgment in favor of Morris on the supplemental policy claim.

*AFFIRMED IN PART; REVERSED*
*AND REMANDED IN PART*

---

exhaust administrative remedies prior to filing a lawsuit. There is not a narrower requirement to present all future potential issues during the administrative process. *See Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 630-33 (9th Cir. 2008); *Wallace v. Oakwood Healthcare, Inc.*, 954 F.3d 879, 892 n.7 (6th Cir. 2020). Second, Morris twice raised this claim at the district court hearing.